IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JONATHAN D. SYKES, | |
| Plaintiff, | |
| vs. | No. 16-2077-JDT-cgc |
| LOS ANGELES POLICE DEPARTMENT, DET. JOSE ROBLEDO | |
| Defendants. | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

Before the Court, by way of Administrative Order 2013-05,[1] is a *pro se* complaint filed by Plaintiff Jonathan D. Sykes, a resident of Memphis, Tennessee, on February 4, 2016 accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries (D.E. # 1 & 2.)

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as Los Angeles Police Department and Det. Jose Robledo.

The document filed as a complaint is largely incomprehensible. Plaintiff used the court's form for complaints alleging violation of civil rights under 42 U.S.C.§ 1983 but did not complete the form other than to request as relief that the court "contact F.B.I. and US Marshalls (sic) Srvs. and place me into witset (sic) ASAP collect my evidence against Det. Robledo."

The following 32 pages contain a rambling "timeline of events" dating back to December 5, 2013. A significant portion of the timeline describes unidentified "cartel workers" following and recording Plaintiff in various locations including Columbus, MS and Memphis, TN

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a "showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice' of the nature of the claim, but also "grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or

3

> delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. <u>Neitzke</u>, 490 U.S. at 327-28, 109 S. Ct. 1827.

<u>Id.</u> at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); *see also* <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation)

Plaintiff's complaint is incomprehensible. The filing does not assert any coherent claim against any person or entity under any colorable legal theory. The Court is not obligated to construct Plaintiff's case for him.

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS the action, in its entirety, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. §

1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 31st day of October, 2016.

                                           s/ Charmiane G. Claxton
                                           CHARMIANE G. CLAXTON
                                           UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**